IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory C. Krug,                                    )<br>                                                               )<br>                        Plaintiff,            )<br>                                                               )<br>           vs.                                           )<br>                                                               )<br>Victor Loranth, in his individual       )<br>capacity,                                             )<br>                                                               )<br>                        Defendant.       )<br>                                                               ) | C/A No.: 1:14-1829-DCN-SVH<br><br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Gregory C. Krug, proceeding pro se and in forma pauperis, filed this action seeking compensatory damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] At the time of the incidents giving rise to the complaint, Plaintiff was incarcerated at the Federal Correctional Institution in Williamsburg, South Carolina ("FCI-Williamsburg"), a facility of the Bureau of Prisons ("BOP"). Plaintiff sues FCI-Williamsburg clinical director Dr. Victor Loranth ("Defendant"), alleging violations of his constitutional rights.

This matter comes before the court on Defendant's motion to dismiss, or in the alternative, motion for summary judgment.[2] [ECF No. 20]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

[2] Because the court has considered matters outside of the pleadings, the undersigned considers the motion as one for summary judgment. Fed. R. Civ. P. 12(d); *see also* ECF No. 23 (providing notice to Plaintiff of the court's intention to treat the motion as one for summary judgment).

judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [ECF No. 21]. The motion having been fully briefed [ECF Nos. 30, 32], it is ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. Because the motion is dispositive, this report and recommendation is entered for review by the district judge. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the district judge grant Defendant's motion for summary judgment.

I.      Factual and Procedural Background

Plaintiff claims that Defendant failed to treat his cirrhosis despite having knowledge of Plaintiff's condition. [ECF No. 1 at 2]. He alleges that on March 29, 2011, Defendant prescribed Plaintiff a daily dose of 81 mg of aspirin, although he knew that Plaintiff had a cirrhosis diagnosis. *Id.* at 2–3. Plaintiff states that the aspirin treatment damaged his liver and shortened his life expectancy. *Id.* at 6. Plaintiff states that he was unaware of his cirrhosis diagnosis and the danger of the aspirin regimen until he received a medical report on May 14, 2014. *Id.* at 5.[3] Plaintiff seeks compensatory and punitive damages. *Id.* at 6.

---

[3] The medical report referenced in Plaintiff's complaint, and attached as Exhibit D thereto, is dated April 16, 2013. [ECF No. 1-2 at 7–8].

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319

3

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.     Analysis

Defendant argues that Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit. [ECF No. 20 at 4–10].[4] The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is required for "[a]ll action[s]. . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*, 534 U.S. at 532. Exhaustion is a threshold requirement that must be satisfied in order for prisoner complaints to proceed. *See Jones*, 549 U.S. at 216; *Booth*, 532 U.S. at 741. The PLRA requires "proper" exhaustion, that is, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 87 (2006). "An inmate's failure to exhaust

---

[4] Because the undersigned recommends that summary judgment be granted for failure to exhaust, Defendant's other arguments are not addressed.

4

administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005).

Defendant has submitted an affidavit from Tami Cassaro, Supervisory Attorney for the United States Department of Justice, BOP. [ECF No. 20-4 at ¶ 1]. Cassaro states that Plaintiff has not exhausted the BOP administrative remedy process relating to any of the allegations set forth in his complaint. *Id.* at ¶¶ 8–9. Plaintiff claims that he was unaware that his liver was harmed by the aspirin regimen until "about one month after" May 14, 2014. [ECF No. 1 at 5]. Cassaro states that a review of administrative remedies Plaintiff has filed since May 14, 2014, reveals that Plaintiff has not filed an administrative remedy related to Defendant.[5]

Plaintiff does not dispute that he did not file any administrative remedies related to his claim against Defendant, but argues that because he has been transferred from FCI-Williamsburg, he had no available remedies to pursue against Defendant. He argues that the only applicable remedy was for him to obtain the services of a hepatologist and that it was more practicable to obtain these services in Los Angeles, where he was housed in a BOP detention center. *Id.* at 4–5.

To the extent Plaintiff argues that he was not required to exhaust his administrative remedies because he was transferred from FCI-Williamsburg to a Los Angeles detention center, this argument is unavailing. An inmate's transfer to another

---

[5] A more expansive review, beginning in April 2013, also reveals that Plaintiff did not file any administrative remedies regarding Defendant prescribing Plaintiff aspirin or failing to disclose that Plaintiff had cirrhosis. [ECF Nos. 20-4 at 4; 32-1 at 16–19].

5

facility does not render the administrative remedy process unavailable. *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) (finding "[t]he fact that [plaintiff] happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit"); *Custer v. W. Va. N. Reg'l Jail*, 2009 WL 1390817 (N.D. W.Va. May 15, 2009) ("There is simply nothing in the PLRA, or the pertinent case law, which supports the plaintiff's assertion that a transfer to another facility necessarily renders his administrative efforts futile."). Further, Plaintiff's argument that the BOP administrative remedies do not provide for the payment of monetary damages, ECF No. 30 at 7, does not excuse Plaintiff's failure to exhaust the claims alleged in his complaint. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) (finding that a plaintiff is required to exhaust his administrative remedies, even when the relief sought is monetary damages and is not attainable through resort to the administrative remedy procedure). Because Plaintiff has not cited to any evidence that demonstrates he exhausted his administrative remedies, or that shows that his administrative remedies were unavailable, Defendant is entitled to summary judgment. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (finding that "prisoners must exhaust 'such administrative remedies as are available' prior to filing suit in federal court challenging prisoner conditions") (quoting 42 U.S.C. § 1997e(a)).

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Defendant's motion for summary judgment [ECF No. 20] be granted and this case be dismissed.

IT IS SO RECOMMENDED.

November 10, 2014                                   Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).